UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AIMEE RAY, et al, | Case No. 2:23-cv-00465-TMC |
| Plaintiffs, | ORDER DENYING MOTION FOR LEAVE TO AMEND |
| v. | |
| WASHINGTON STATE DEPARTMENT OF HEALTH AND HUMAN SERVICES, a government agency, WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, a government agency, WENDY LONG, an individual, SONYA SANDERS, an individual, | |
| Defendants. | |

## I.    INTRODUCTION

This case arises out of Plaintiffs' requests for religious exemptions from Defendant Washington State Department of Social and Health Services' (DSHS) implementation of a COVID-19 vaccine mandate for all state employees. Plaintiffs sued DSHS, along with DSHS

ORDER DENYING MOTION FOR LEAVE TO AMEND - 1

employees Wendy Long and Sonya Sanders, alleging that their application of the vaccine mandate violated federal and state law.

On July 17, 2025, the Court granted Defendants' motion for judgment on the pleadings but also granted Plaintiffs' request for leave to file a motion to amend their complaint a final time. *See* Dkt. 73. The Court set a deadline of July 31 for Plaintiffs' motion, required Plaintiffs to include a copy of their proposed amended complaint with the filing, and warned Plaintiffs that

> [i]f the proposed amendments do not cure the deficiencies explained in the Order [granting judgment on the pleadings], the Court will deny the motion to amend as futile, dismiss the federal claims in the operative complaint with prejudice, continue to decline supplemental jurisdiction over the state claims, and enter judgment in favor of Defendants.

*Id.* at 2–3.

On July 31, 2025, instead of filing their promised motion, Plaintiffs requested an extension, explaining that they needed more time to address new Ninth Circuit decisions. Dkt. 76 at 1–2. Reluctantly, and over Defendants' opposition (Dkt. 78), the Court found good cause to grant the extension to Plaintiffs' requested deadline of August 15. Dkt. 80. Yet on August 15, instead of the motion for leave to amend, Plaintiffs filed two new motions—the first asking the Court to "revise" its order granting judgment on the pleadings (Dkt. 81), and the second asking for yet another extension to file the motion for leave to amend until after the Court ruled on the first motion (Dkt. 82).

Once more, and again over the Defendants' opposition (Dkts. 87–88), the Court reluctantly agreed to give Plaintiffs a final shot. Dkt. 91. The Court's order allowed Plaintiffs a chance to plead claims for injunctive relief against the individual defendants, on the condition that the proposed amended complaint "specifically identify which plaintiffs are seeking injunctive relief in the form of reinstatement" and "include sufficient allegations of personal participation by the individual defendants in violating the constitutional rights of those individual

plaintiffs." *Id.* The Court also warned Plaintiffs that their motion "is due no later than 11/3/2025 and no further extensions will be granted. The Court will immediately dismiss the case as explained in Dkt. 73 if the motion is untimely." *Id.*

The Plaintiffs filed their motion for leave to amend and a redline of a proposed amended complaint as the clock neared midnight on the due date of November 3, 2025. Dkt. 92. The Court accepted that motion as timely filed. Dkt. 93. But the next day, November 4, Plaintiffs submitted a substantively different version of their proposed amendment, misleadingly labeled as an "errata," with no attempt to explain the untimely filing to the Court or seek permission to file it. Dkt. 94. This filing, and the ongoing disrespect for the Court's orders and deadlines that it embodies, will not be accepted. The Clerk will be directed to strike Dkt. 94 from the docket, and the Court will consider only the motion for leave and proposed amendment that were timely filed.[1]

For the reasons explained further below, that proposed amendment has not cured the deficiencies that the Court previously identified in its order granting Defendants' motion for judgment on the pleadings. It does not contain plausible federal claims, and allowing further amendment would be futile. Because Plaintiffs have not shown a basis for leave to amend, all federal claims from the operative second amended complaint (Dkt. 26) are DISMISSED WITH PREJUDICE. The Court declines to exercise supplemental jurisdiction over the state-law claims and those claims are DISMISSED WITHOUT PREJUDICE. If Plaintiffs wish to continue pursuing their state-law claims, they may do so in state court.

---

[1] After Plaintiffs filed their motion, the parties sought an agreed extension, and the briefing was ultimately complete in December 2025. *See* Dkts. 95–99. By that point, the Court had begun to experience an unprecedented wave of immigration habeas petitions arising from the executive's change in detention policies and enforcement priorities that has not yet abated, leading to the regrettable delay in resolving this motion.

ORDER DENYING MOTION FOR LEAVE TO AMEND - 3

## II.   BACKGROUND

Plaintiffs first filed this case in March 2023. Dkt. 1. They amended their complaint once in September 2023 and again in May 2024. Dkts. 19, 26. In November 2024, the deadline for amending pleadings passed. Dkt. 32. In March 2025, Defendants moved for judgment on the pleadings. Dkt. 53. The parties agreed to a briefing schedule under which briefing was completed in May, and the Court held oral argument in July. Dkts. 60, 66, 72.

In Plaintiffs' response to the motion for judgment on the pleadings, they requested leave to amend and included a proposed amended complaint. *See* Dkt. 61 at 1; Dkt. 61-1. But at oral argument, Plaintiffs' counsel conceded that proposed complaint was an "incorrect filing" that Plaintiffs "would withdraw." Dkt. 77 at 9–10. Instead, Plaintiffs asked "to be able to bring a formal motion to amend," which would propose "a very different Complaint." *Id.* at 10. Plaintiffs also represented to the Court that they would not attempt to re-plead statutory claims under Title VII or the Americans with Disabilities Act (ADA), after acknowledging in a comment bubble in their proposed amended complaint that their clients "have no Title VII claims — no timely complaints brought following issuance of right to sue letters." *See id.* at 7, 10, 20; Dkt. 61-1 at 77. Plaintiffs' counsel ultimately asked for "a short timeline to bring a motion to amend to have that opportunity to do a one shot at a substantive amendment to cure some of the deficiencies that have been raised and proceed accordingly." Dkt. 77 at 11.

The Court granted Plaintiffs' request. In its Order granting judgment on the pleadings, the Court first dismissed with prejudice only claims that Plaintiffs conceded could be dismissed: their Takings Clause claim and their federal claims against DSHS and against Long and Sanders in their official capacities. *See* Dkt. 73 at 9; Dkt. 61 at 9 ("Plaintiffs concede that their claims for violation of federal constitutional rights . . . as applied to the State (i.e., DSHS) or to its agents (Individual Defendants) in their official capacities, may be dismissed . . . ."), 15 ("The

ORDER DENYING MOTION FOR LEAVE TO AMEND - 4

[Plaintiffs] concede . . . that their Takings Clause claim may be dismissed to narrow the issues going forward."). The Court then dismissed the remaining federal claims against Sanders and Long in their personal capacities based on qualified immunity and Plaintiffs' failure to sufficiently allege personal participation by those defendants in a constitutional violation. Dkt. 73 at 9–14. But the Court dismissed those claims without prejudice to allow Plaintiffs to file a motion for leave to amend as they requested. *Id.* at 14–16.

Consistent with their representation that they needed only a "short timeline," Dkt. 77 at 11, the Court gave Plaintiffs two weeks to file their motion, setting a deadline of July 31, 2025. Dkt. 73 at 16. The Order specifically warned Plaintiffs:

> The proposed amended complaint must include both a clean copy and a redline version showing changes from the second amended complaint. If the proposed amendments do not cure the deficiencies explained in this Order, the Court will deny the motion to amend as futile, dismiss the federal claims in the operative complaint with prejudice, continue to decline supplemental jurisdiction over the state claims, and enter judgment in favor of Defendants.

*Id.*

But on July 31, rather than file their motion for leave to amend, Plaintiffs requested an extension of time. Dkt. 76. Plaintiffs represented that they needed additional time to revise their proposed complaint in light of two Ninth Circuit decisions issued on July 24 and 31. *Id.* at 1–2. Plaintiffs asked for an extension to August 15, "so that a product is provided to the Court which considers this new authority, *does not require additional motions practice to conform to the same*, and comports with [the] undersigned's duties to the Court." *Id.* at 5 (emphasis added). Over Defendants' opposition, Dkt. 78, the Court granted the extension to August 15. Dkt. 80.

Yet on August 15, the motion for leave to amend again failed to make an appearance. Instead, Plaintiffs filed two new motions. The first, styled a "Motion to Revise Interlocutory Order," was really a motion for reconsideration of the Court's order dismissing with prejudice

the official capacity claims that Plaintiffs had *conceded* could be dismissed. *See* Dkt. 81 at 1. Plaintiffs argued that the Ninth Circuit's en banc decision in *Health Freedom Defense Fund, Inc. v. Carvalho*, 148 F.4th 1020 (9th Cir. 2025) was intervening precedent that should allow them to unwind their concession that the official capacity claims against Long and Sanders could be dismissed. *See id.* at 1–4. The second motion sought yet another extension of time, asking that Plaintiffs be allowed to wait to file their motion for leave to amend until after the Court ruled on their motion for reconsideration. *See* Dkt. 82. Defendants opposed both motions (Dkts. 87, 88), and Plaintiffs replied (Dkts. 89, 90).

To give Plaintiffs all benefit of the doubt, and in light of the liberality surrounding leave to amend, the Court granted their motions and set a final deadline for the proposed amendment: November 3, 2025. Dkt. 91. Due to the pattern of failing to adhere to the Court's deadlines, the order warned: "The Court will immediately dismiss the case as explained in Dkt. 73 if the motion is untimely." *Id.*

This time, Plaintiffs filed their motion for leave to amend—but just barely. The ECF filing notification came through at 12:35 AM on November 4, but maintained a filing date of November 3, indicating that Plaintiffs' counsel began the ECF filing process before midnight. To avoid confusion, the Court entered a minute order early on November 4 confirming that it would consider the motion and attached proposed amended complaint as timely filed. Dkt. 93. The motion also failed to include a clean copy of the proposed amended complaint along with the redlined copy, as the Court had previously ordered. *See* Dkt. 73 at 16.

Yet later that day, without any attempt at explanation or to seek the Court's permission, Plaintiffs filed a new version of their proposed amended complaint, misleadingly labeled as an "errata." Dkt. 94. As Defendants point out, the two proposed amendments contained significant substantive differences, including rewriting entire sections on Plaintiffs' causes of action; adding

ORDER DENYING MOTION FOR LEAVE TO AMEND - 6

a new theory of disparate treatment, a new basis for the procedural due process claim, and new allegations as to how the Defendants treated secular and religious accommodations differently; and combining certain causes of action. *Compare* Dkt. 92-1 at 109–154, *with* Dkt. 94 at 85–131. Somewhat unbelievably, the "errata" amendment continued to assert the Title VII and ADA claims counsel had promised to withdraw, while also retaining the comment bubble saying: "WE have no Title VII claims – no timely complaints brought following issuance of right to sue letters. Is this a different claim other than an EEOC/Title VII claim??" Dkt. 94 at 117.

This version of the proposed amendment was untimely and not allowed by the Court's order. Plaintiffs' attempt to substitute an entirely different proposed amended complaint under the guise of an errata demonstrates a complete lack of respect for the Court's orders, deadlines, and previous willingness to grant Plaintiffs multiple extensions. It has wasted the time of the parties and the Court, and it will not be tolerated. The proposed amended complaint filed at Dkt. 94 shall be STRICKEN from the record and will not be considered in ruling on Plaintiffs' motion for leave to amend.

### III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), after the time for amendment as of right has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." When considering whether to allow leave to amend, the court considers various factors, including "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *G.B. ex rel G.P. v. E.P.A.*, 172 F.4th 1042, 1064–65 (9th Cir. 2026) (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989)). "A district court does not abuse its discretion in denying leave to amend where any further amendment to the

ORDER DENYING MOTION FOR LEAVE TO AMEND - 7

complaint would likely prove futile." *Brown v. Brita Prods. Co.*, 172 F.4th 1113, 1118 (9th Cir. 2026) (internal quotation marks omitted) (quoting *Election Integrity Project Cal., Inc. v. Weber*, 113 F.4th 1072, 1099 (9th Cir. 2024)).

### IV.    DISCUSSION

**A.    Amendment of the federal claims would be futile.**

>    *1.    Plaintiffs appear to concede their Title VII and ADA claims would be futile.*

The proposed amended complaint contains three federal statutory claims: a failure to accommodate claim under Title VII (Count 11), Dkt. 92-1 at 137; a "regarded as disabled" claim under the ADA (Count 12), *id.* at 139; and a retaliation claim under Title VII (Count 14), *id.* at 148. As discussed above, when Plaintiffs first asked for a final chance at leave to amend, they represented to the Court that they would not re-plead these claims. Dkt. 77 at 7, 10, 20. Their motion does not discuss the statutory claims at all. *See* Dkt. 92. They repeatedly acknowledged in internal comments left in their filings that they could not bring Title VII claims because none of their clients had exhausted their administrative remedies at the EEOC. *See, e.g.*, Dkt. 94 at 117. When Defendants pointed this out in opposition, *see* Dkt. 97 at 4–6, Plaintiffs conceded that they "appeared in the prior complaint inadvertently" and "Plaintiffs will not assert those claims." Dkt. 99 at 5. Amendment of the statutory claims would be futile.

>    *2.    Amendment of the federal due process claim would be futile.*

Count 3 of the proposed amended complaint is a procedural due process claim against individual Defendant Wendy Long. *See* Dkt. 92-1 at 116–18, ¶¶ 1–10. Plaintiffs conceded in their reply brief that they are not bringing a substantive due process claim. Dkt. 99 at 5. In its order granting Defendants' motion for judgment on the pleadings, the Court found that Plaintiffs had not sufficiently alleged Long's participation in a constitutional violation and that she was

entitled to qualified immunity. Dkt. 73 at 9–14. Plaintiffs now assert that because they are also seeking reinstatement as injunctive relief, qualified immunity does not apply. *See* Dkt. 99 at 5.

Even assuming without deciding that Plaintiffs have made out a plausible claim for injunctive relief, they have not plausibly alleged a procedural due process violation against Long. In Count 3 itself, Plaintiffs allege only that they have a property interest in their employment, and that they "were terminated from public employment without a hearing or other due process." Dkt. 92-1 at 118 ¶ 7. In Plaintiffs' motion for leave to amend, they similarly discuss only their claimed right to a pre-termination hearing under *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985). Dkt. 92 at 10.

But the Ninth Circuit has repeatedly held that "employees received sufficient process related to a vaccine mandate if they received 'notice of the vaccination requirements and of the consequence of termination for failure to comply' and 'opportunities to be heard for the purpose of religious and medical exemptions.'" *Brock v. City of Bellingham*, No. 25-1070, 2026 WL 1470574, at *2 (9th Cir. May 26, 2026) (quoting *Curtis v. Inslee*, 154 F.4th 678, 693 (9th Cir. 2025)). It is insufficient for plaintiffs to "allege that their requests should have been accepted but were not." *Id.* That is all Plaintiffs do here. While they allege that Long directed a protocol for processing exemption requests for DSHS (*see* Dkt. 92-1 at 46–51), nowhere do they allege or explain how this protocol violated due process in a way that would distinguish this case from the Ninth Circuit's previous decisions. Similarly, while they allege that Long "directed her subordinates to classify religious exemptions as requesting a permanent accommodation and secular medical exempt employees as requesting a temporary accommodation," nowhere do they allege how this harmed any individual plaintiff or affected their opportunity to be heard. *See id.* at 52. The next sentence, which begins "[a]fter creating the artificial distinction between temporary and permanent accommodation requests," is left unfinished. *See id.* Plaintiffs have not

ORDER DENYING MOTION FOR LEAVE TO AMEND - 9

provided plausible allegations that Defendant Long violated their procedural due process rights, let alone that those rights were clearly established. Amendment of this claim for either injunctive relief or damages would be futile.

3.    *Amendment of the equal protection clause claim would be futile.*

Count four of the proposed amended complaint is an equal protection claim against Defendant Long. Dkt. 92-1 at 122–24, ¶¶ 11–19. That count alleges "[t]here was no rational relation to some legitimate government end because the action taken—termination of the unvaccinated—did not further the interest of reducing the spread of COVID-19 given that the vaccinated and the unvaccinated both contract and transmit COVID-19." *Id.* at 123–24 ¶ 15. They allege elsewhere in the proposed complaint that the vaccines against COVID-19 "did not eliminate infection and could not end transmission of the virus," noting that the vaccines primarily protected against severe illness and that breakthrough cases still occurred among vaccinated individuals. *See id.* at 54–60. But the Ninth Circuit has already concluded that "substantially similar mandates, which were imposed for substantially similar reasons, survive rational basis review." *Brock*, 2026 WL 1470574, at *1 (citing *Curtis*, 154 F.4th at 691–95, and *Carvalho*, 148 F.4th at 1029–33). As in *Brock*, here Plaintiffs "allege no facts that materially distinguish their case from *Curtis* or *Carvalho*," let alone facts that show Defendant Long personally violated their equal protection rights. *See id.* And although Plaintiffs' motion discusses claims arising from the "General Government Transition Pool Program," *see* Dkt. 92 at 5–6, there are no allegations in the proposed amended complaint relating to such a claim or alleging how it harmed any individual plaintiff or violated the Constitution. Amendment of this claim for either injunctive relief or damages would be futile.

> **4.** *Amendment of the First Amendment claim would be futile.*

Count eight of the proposed amended complaint is a First Amendment claim against Defendant Long. Dkt. 92-1 at 131–34 ¶¶ 36–44. In substance, that count alleges only that "Defendants knew that the First Amendment prohibits governmental officials from demonstrating hostility to religion or prohibiting the free exercise thereof." *Id.* at 133 ¶ 40. But nowhere in the proposed amended complaint do Plaintiffs allege any facts showing that Long demonstrated hostility to religion, or that she personally implemented the vaccine mandate in a way that would trigger strict scrutiny as in *Bacon v. Woodward*, 104 F.4th 744, 752 (9th Cir. 2024). In *Bacon*, the court held that "by allowing firefighters *from neighboring counties* to work in Spokane, the City undermined its asserted interest in enforcing the Proclamation against the firefighters. The distinction between firefighters from within the County and those from without in no way aligns with or promotes the stated interest of the Proclamation." *Id.* There is simply no comparable allegation against Long. Additionally, for the reasons already explained in the Court's order granting the motion for judgment on the pleadings, Long would be entitled to qualified immunity for damages on any of the federal claims. Dkt. 73 at 12–14. Amendment of this claim for either injunctive relief or damages would be futile.

**B.      The Court does not need to analyze the state-law claims.**

Plaintiffs' ability to litigate their state-law claims in federal court depends on supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). Under Section 1367(c), a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Because the Court has previously stated that it would decline to exercise supplemental jurisdiction over the state-law claims if the federal claims failed, it will not separately analyze the futility of the state-law claims.

## V.    CONCLUSION

For the reasons explained above, the motion for leave to amend (Dkt. 92) is DENIED. The federal claims in the operative second amended complaint (Dkt. 26) are DISMISSED WITH PREJUDICE. The Court declines supplemental jurisdiction over the state-law claims, and those claims are DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to enter judgment in favor of Defendants and close the case.

Dated this 1st day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING MOTION FOR LEAVE TO AMEND - 12